HASKELL W. HINCKLEY *versus* INHABITANTS of PENOBSCOT.

All business, traveling, and recreation on the Lord's day, "works of necessity or charity excepted," are, under R. S. of 1841, c. 160, § 26, offences punishable by fine.

A town is not liable for an injury, occasioned by its defective highway, to a horse with which a person is traveling on the Sabbath day before sundown, unless the traveling is a work of charity or necessity.

It is necessary, in an indictment or complaint under a statute defining an offence with certain exceptions, to negative by averments all the exceptions, and to charge all the circumstances constituting the offence.

But it is not necessary in the trial, for the government to prove negative averments.

If the defendant relies upon an exception he must prove himself within it.

In an action against a town for an injury to a horse in consequence of a defective highway, it being shown that it occurred while traveling on the Lord's day before sundown, the burden of proof is upon the plaintiff to show that the traveling was a work of charity or necessity.

THIS was an action of the CASE for an injury to plaintiff's horse alleged to have been caused by a defect in the highway in the town of Penobscot. Plea, the general issue.

The evidence introduced, tended to show that the horse was let by plaintiff, the keeper of a livery stable in Bluehill, to the Misses Henry to go to their father's house, in Brooksville, on a Saturday in November, 1855, and that while returning to Bluehill on the next day, being Sabbath day, and before sundown, the alleged injury, if any, was inflicted. Defendants' counsel contended that said use of the horse on the Lord's day, except for purposes of "necessity or charity," was in violation of law, and therefore that plaintiff could not recover for the injury occasioned.

One of the instructions given to the jury by the presiding Judge, and the only one necessary to refer to here, was, that traveling on the Lord's day was in violation of law, except for purposes of necessity or charity; but that, inasmuch as traveling for those purposes on that day was lawful, the legal presumption would be that the traveling in question was lawful, unless there was proof to the contrary; and that, as the defendants alleged that it was illegal, the burden was upon them to prove it.

The verdict was for the plaintiff. The defendants excepted to the foregoing ruling of the Court.

*Hinckley,* for plaintiff.

The defendants contend that the plaintiff could not recover in this action, because the use of the horse was on the Lord's day, and therefore prohibited by law.

1. The statute does not prohibit all traveling on that day. It permits it for purposes of necessity or charity. There was no evidence of the occasion of the traveling. Miss Henry was not inquired of in respect to this point. The evidence leaves the case to the presumption of law. The right of going from place to place at will is one of the natural personal privileges belonging to every individual. Any restraint upon it must be by positive enactment. If the restraint is partial, then it is the exception to the general right, and must be shown by the party who would avail himself of it. The presumption of law is, that the traveling on that day was lawful.

Greenleaf, in vol. 1, § § 33 and 34 of his Evidence, speaking of presumptions, says : "As men do not generally violate the penal code, the law presumes every man innocent; but some men do transgress it, and therefore evidence is received to repel this presumption." He further says : " The same presumption arises in civil actions, where the act complained of was unlawful."

This case is in principle the same with *Nason* v. *Dinsmore & al.*, 34 Maine, 391, where the bond in suit was dated Sunday. The Court decided that, inasmuch as it might have been made after sundown, when it would be lawful to make it, it was incumbent on the defendants, who alleged its invalidity, to show that it was made before sundown, and that "the presumption is, that the parties acted in conformity to law, and not in opposition to it, and the bond must be regarded as valid."

2. The presumption is, therefore, I insist, that these young ladies were lawfully traveling, and such was the fact, although it did not appear from the evidence in the case. They went to see their sick mother, and one of them was obliged to return on Sunday in order to commence her school on Monday morning according to her contract with the district. This was a sufficient necessity to make the traveling lawful. *Commonwealth* v. *Knox*, 6 Mass. 76.

*C. J. Abbott*, for defendants.

Plaintiff's action is for an injury to his horse through a defect in a highway in Penobscot.

It appears that the horse was let to go to Brooksville, and on its return on Sunday, before sundown, the injury occurred.

The burden of proof is upon plaintiff to show that the injury has arisen without fault on his part. *Adams* v. *Carlisle*, 21 Pick. 146; *Garmon* v. *Bangor*, 38 Maine, 443; *Moore* v. *Abbott*, 32 Maine, 46; *Farrar* v. *Green*, 32 Maine, 574; *Merrill* v. *Hampden*, 26 Maine, 234; *French* v. *Brunswick*, 21 Maine, 29.

As plaintiff must show he was free from fault, the burden of proof is on him to show that the use of the horse on the Lord's day was a work of necessity or charity, or justifiable, so far as he was concerned. *Bosworth* v. *Swansey*, 10 Met. 363.

The decisions in our own Court are to the same effect. For where the defence set up against the validity of instruments has been that they were made on the Lord's day, it has never been considered necessary to show that they were not works of necessity or charity. *Towle* v. *Larrabee*, 26 Maine, 464; *State* v. *Suhur*, 33 Maine, 539; *Hilton* v. *Houghton*, 35 Maine, 143.

APPLETON, J. — By R. S., c. 160, § 26, all business, traveling and recreation, "works of necessity or charity excepted," are made offences and punishable by fine.

Where the enacting clause of the statute describes an offence with certain exceptions, it is necessary in a complaint or indictment to state all the circumstances constituting the offence and to negative all the exceptions. *State* v. *Keen*, 34 Maine, 500; *State* v. *Adams*, 6 N. H. 532.

Upon the trial of the accused in such case it is not necessary for the government to prove negative averments. The facts constituting the offence being established, it is incumbent upon the defendant, if he relies upon the exceptions of the statute, to bring his case within those exceptions. *State* v.

*Crowell*, 25 Maine, 173; *State* v. *Whittier*, 21 Maine, 341. The burthen of exculpatory proof is on him.

In the present case, the fact of traveling on the Sabbath, as defined by R. S., c. 160, § 28, *prima facie*, made out a violation of the statute by which such traveling is prohibited. The burthen was on the person so traveling to show that it was a work of charity or necessity. *Bosworth* v. *Swansey*, 10 Met. 360. *Gregg* v. *Wyman*, 4 Cush. 322. The instructions given were erroneous. *Exceptions sustained.*

TENNEY, C. J., and RICE and CUTTING, J. J., concurred. HATHAWAY, J., concurred in the result.