## JAMES CRATTY *vs.* CITY OF BANGOR.

Section 20, c. 124 of R. S., as amended by Pub. Laws of 1864, c. 281, § 3, prohibiting traveling on the Lord's day, makes no distinction between those who travel in town and those who travel from town to town.

Nor between those who travel on foot and those who travel with horses and carriages.

A person cannot maintain an action to recover damages for an injury sustained in consequence of a defect in the highway, while he was walking a short distance, on Sunday evening, in company with several other persons, all going by invitation to the house of a friend for the purpose of spending the evening for pleasure.

ON EXCEPTIONS.

CASE for an injury alleged to have been caused by a defect in a highway in the city of Bangor.

The evidence tended to show that the injury was received by the plaintiff on Sunday, December 13, 1868, between seven and eight o'clock in the evening, and while the plaintiff, in company with some eight or ten other young persons, were traveling on foot and without any horses, teams, or carriages, and all going to the house of one Sweeney, for the purpose of spending the evening for pleasure, upon invitation extended to them the day before by members of the Sweeney family.

Upon this evidence, the defendants contended that inasmuch as the injury was received on the Lord's day, while the plaintiff was traveling for pleasure, and not for works of necessity or charity, the action could not be maintained. But the presiding judge overruled the objection; and the verdict being for the plaintiff, the defendants alleged exceptions.

*Mace & Laughton,* for the plaintiff.

The plaintiff was not traveling within the meaning of Public Laws of 1864, c. 281, § 3, when he received the injury. In construing the statute, the object in view, remedy intended, and the mischief to be remedied, are to be considered. *Winslow* v. *Kimball,* 25 Maine, 495.

If a violation of the statute could not be made out against the plaintiff on complaint upon these facts, they cannot avail the defendants as a defense.

To travel is to journey; to go from town to town. He who "travels," within the meaning of § 3, is a "traveler" in § 4. But interpret the two alike, and § 4 would be a nullity.

See *Hamilton* v. *Boston*, 14 Allen, 475, where the history of Sunday legislation in Massachusetts is reviewed.

*A. L. Simpson*, city solicitor, for the defendant, cited *Bosworth* v. *Sweeney*, 10 Met. 363; *Commonwealth* v. *Knox*, 6 Mass. 76; *Hinckley* v. *Penobscot*, 42 Maine, 89; *Nodin* v. *Doherty*, 5 Am. L. Regr., N. S. 346; *Jones* v. *Adderson*, 10 Allen, 18; *Stinson* v. *Gardiner*, 42 Maine, 249; *Low* v. *Chadbourne*, 42 Maine, 429; *Bryant* v. *Bradford*, 39 Maine, 193; *Tilloch* v. *Webb*, 56 Maine, 100.

DANFORTH, J.    That the statute renders towns and cities liable for injuries, on account of a defect in the highway, to travelers on foot, as well as those with horses, has been too often and too long recognized by the courts, to be now reversed without an act of the legislature.    Upon this point the ruling is right, and we think in accordance with a fair rendering of the statute.

A person traveling upon the sabbath, unless for charity or necessity, is so far in the violation of law that he cannot maintain an action for injuries by a defect of the way.    *Hinckley* v. *Penobscot*, 42 Maine, 81.

No distinction is made between those who travel in town, and those who travel from town to town.    The former are as much in violation of the law as are the latter.    *Tillock* v. *Webb*, 56 Maine, 100.

Nor does the statute for the due observance of the sabbath make any distinction between those who travel on foot and those who travel in carriages.    It is the traveling which is prohibited.    R. S., c. 124, § 20, as amended by Public Laws of 1864, c. 281.

The plaintiff was not out for a walk only, as in *Hamilton v. Boston,* 14 Allen, 475, but was going to a place other than his home, and that, too, for pleasure. In the opinion in the case last cited, Gray, J., says : "But, confining ourselves to the facts disclosed by this bill of exceptions, we are of the opinion that a person walking with a friend on Sunday evening, less than half a mile, with no apparent purpose of going to or stopping at any place but his own home, much less of passing out of the city, and no object of business or pleasure, except open air and gentle exercise, is not guilty of traveling," &c., thus plainly intimating that in such a case as the one at bar, the decision would have been different.

If our statute is wrong, if those who pass to a place other than their home, within their own town, for purposes of pleasure, should be exempt from the provisions of the statute, the legislature is the proper tribunal to make the change. It is, however, very clear that the plaintiff met with his accident while in the violation of the plain provisions of the statute, and it is not competent for the court to make exemptions from the law which the legislature have not. *Exceptions sustained.*

APPLETON, C. J.; CUTTING, WALTON, and TAPLEY, JJ., concurred.