WILLIAM PARKER *vs.* F. LATNER.

*Lord's Day.*

An action will not lie to recover damages, arising from the immoderate driving of a horse during a pleasure drive on the Lord's day, for which he was hired.

ON REPORT from the superior court for this county.

CASE in tort, to recover damages to the plaintiff's horse and

carriage, by the careless, negligent, and unskilful driving of the defendant, while in possession of them under a contract for a pleasure drive on Sunday, to the Atlantic House, Scarborough, the injury complained of having occurred on Sunday, during such drive.

The substantive allegations in the declaration were :

For that the said defendant, at said Portland, on the twenty-fifth day of June, A. D. 1871, being in the lawful possession of the plaintiff's horse, carriage, and harness, then and there negligently and carelessly drove the said horse, by reason whereof the said carriage was overturned, the top thereof torn and destroyed, the body of said carriage completely broken to pieces, the springs thereof broken, and said carriage otherwise greatly damaged and injured, the said harness broken and damaged, the said horse bruised, strained, and lamed, etc.

The defendant claimed, as matter of law, that the plaintiff could not recover upon proof of all the facts alleged, because the damages resulted from the letting of the horse on Sunday.

Thereupon the parties submitted the case to the full court ; and if, upon proof of the allegations, he was not entitled to recover, he was to be nonsuit.

*S. C. Strout & H. W. Gage*, for the plaintiff, contended that the plaintiff did not invoke aid from the contract of bailment to establish his case and could recover, and cited *Morton* v. *Gloucester*, 46 Maine, 520; *Gregg* v. *Wyman*, 4 Cush. 322; *Woodman* v. *Hubbard*, 5 Foster (N. H.), 67; *Tillock* v. *Webb*, 56 Maine, 100.

*Howard & Cleaves*, for the defendant.

APPLETON, C. J. This is an action of the case to recover damages for injuries to the plaintiff's horse and carriage, arising from the defendant's negligent and careless driving.

The plaintiff let his horse and carriage to the defendant, on Sunday, for a pleasure drive to the Atlantic House in Scarborough. The injuries complained of arose during such drive.

A contract made on Sunday, for hiring horses on a pleasure ex-

cursion on that day, is void. *Burrill* v. *Smith*, 2 Miles, 402. A person traveling on the Lord's day, neither from necessity nor charity, cannot maintain an action against a town for an injury received by him, while so traveling, by reason of a defect in a highway, which the town is bound to keep in repair. *Bosworth* v. *Swansey*, 10 Met. 363 ; *Hinckley* v. *Penobscot*, 42 Maine, 90.

The case finds that the contract between the parties was one of bailment. The defendant's possession was under and by virtue of such contract. His liability arose under it. His possession was obtained by virtue of it. As a bailee the defendant was bound to pay the stipulated price for the use of the property loaned, and to use it with ordinary care and diligence. In case of a negligent or careless use thereof, he would be liable, upon his contract, for the damages arising from such negligence and carelessness. Such is the general rule. But in this case the contract was illegal. Had the plaintiff sued for the hire of the articles loaned, he could not have recovered. Suing for damages arising from the violation of his contract, he can be in no better condition. The defendant could not have recovered against the town for any injuries arising from defects in the highway, because he was traveling in violation of law. If he could not against the town, much more cannot the plaintiff recover against him, inasmuch as he was a party to the illegal contract, by which the defendant had possession of the horse and carriage.

It is said that the case, as charged in the declaration, is one of simple wrong, outside of and independent of any contract. That may be so, but it does not affect the question, when the facts are shown, for it appears from the report that the defendant was not 'in the lawful possession of the plaintiff's horse and carriage,' but, on the contrary, he was in possession of the same by virtue of a contract made in violation of law.

In *Woodman* v. *Hubbard*, 5 Foster, 520, and in *Morton* v. *Gloster*, 46 Maine, 520, the contract between the parties was at an end. The suits were for the conversion of the property bailed after the bailment had terminated. They were for acts after the

expiration of the hiring. Here, the injury arose during the continuance of the bailment, and in carrying out the very purpose for which the property injured was bailed. The bailee of a horse and carriage, for a pleasure drive on the Lord's day, by his careless and negligent driving, injures the property bailed. It matters not whether the fact is proved by the one side or the other; being proved, the legal result of the fact must follow.

If the contract had been a valid contract, the defendant would have been liable upon the implied promise to use ordinary and common care of the property bailed, which the case finds he did not. Being a contract illegal and void, his liability upon the contract is at an end. There is nothing done or proved to be done outside of the contract. The negligent and careless acts complained of, are admitted to have been done during the drive and during the contract of bailment. ⸱ *Plaintiff nonsuit.*

CUTTING, KENT, WALTON, and DANFORTH. JJ., concurred.
DICKERSON, J., dissented.