ROBERT DAVIDSON *vs.* CITY OF PORTLAND.

Cumberland. Opinion January 28, 1879.

*Lord's day. Defective way. Contributing cause.*

Walking on the Lord's day for exercise in the open air is not a violation of R. S., c. 124, § 20.

If, while thus walking, one enters a shop, purchases and drinks a glass of beer, and then, after resuming his walk, is injured by a defect in the highway, he may recover therefor, unless the beer contributed to produce the injury.

ON EXCEPTIONS to the rulings of the superior court, and motion to set aside the verdict.

CASE, to recover damages for personal injuries received by reason of· an alleged defect in the sidewalk on Congress street, in Portland, on Sunday, January 7, 1877.

The plaintiff testifies, in substance, that having staid in the house all day until half past one o'clock in the afternoon, he started out to take a walk for recreation—not to meet or visit anybody, or to go to any particular place ; that after walking along different streets named, he stepped into a store on the corner of Maple and York streets and took a glass of beer and a cigar ; that he then started homeward, and when opposite Fluent block on Congress street, he fell on a ridge of ice on the sidewalk ; that it was partly covered with snow and ice ; that he turned his ankle, fell and broke his leg ; that he was looking across the street when he fell, and did not see the ridge until he slipped.

Among other instructions not objected to, the judge of the superior court instructed the jury as follows:

" Suppose a man was traveling on Sunday to visit the sick for purposes of charity, that would be for a legal purpose. Suppose, as he was driving along for that purpose, he should come to a tavern and should subsequently form the purpose of going in and purchasing liquor ; suppose he did go in, purchase the liquor, drink it, return to the carriage, resume his journey to visit the sick and subsequently should be injured. I see nothing in that case to prevent him from recovering. That is, assuming that his use of the liquor did not contribute to produce the injury. I am putting this illustration merely with reference to the Sunday law.

" That would be a case where a man started with a lawful purpose, proceeded up to a certain point, then formed an unlawful purpose which he executed, then returned to the point where he left his original lawful journey and went on with that. The only way in which the unlawful act or unlawful purpose affects his journey is in the matter of time,—the going in and coming out would affect it in the matter of time—but for the purposes of this case I should say the plaintiff would be entitled to recover so far as that consideration was concerned."

" If a man is walking for exercise in the open air, and while pursuing that walk goes into a shop for the purchase of liquor, comes out, resumes his original walk, not varying his walk except so far as it varies in point of time, I think that fact does not prevent his recovering."

*W. L. Putnam*, for the plaintiff.

*H. B. Cleaves*, city solicitor, for the defendants, contended that the decision of *O'Connell* v. *Lewiston*, 65 Maine, 34, should not be extended, and cited the following authorities : *Dennett* v. *Pen. Fair Grounds*, 57 Maine, 425. *Towne* v. *Wiley*, 23 Vt. 355. *Lewis* v. *Littlefield*, 15 Maine, 233. *Hall* v. *Corcoran*, 107 Mass. 251. *Morton* v. *Gloster*, 46 Maine, 520.

APPLETON, C. J. Walking on the Sabbath for exercise in the open air is not against the Statute c. 124, § 20. This is what the

plaintiff did, as the jury have found, and nothing more. *O'Connell* v. *Lewiston*, 65 Maine, 34.

Stepping aside, while walking, for a glass of beer may have been a violation of law. If it was and it had nothing to do with causing the accident, it offered no excuse for a defective highway. To exonerate the city from liability, it must appear that the plaintiff's violation of law contributed to the accident. *Norris* v. *Litchfield*, 36 *N. H.* 271. *Baker* v. *Portland*, 58 Maine, 199. The jury found it did not.

Whether the road was defective, and whether the defect was the sole cause of the injury, was submitted to the determination of the jury and the parties must abide their judgment.

We find no sufficient cause for disturbing the verdict.

*Exceptions and motion overruled.*

WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.