## CHENETTE *v.* TEEHAN.

A bailee's violation of his Sunday contract for the exercise of care in the Sunday use of the thing bailed is not actionable.

CASE, "for that the defendant on the seventh day of October, 1883, at said Manchester, hired of the plaintiff a phaeton buggy, horse, and harness, to drive about said Manchester, and it was the duty of the said defendant to drive said horse and use said buggy and harness in a careful and prudent manner. Yet the defendant then and there so negligently, wilfully, carelessly, and maliciously managed and drove said team, that said buggy was overturned and broken in pieces."

Facts found by the court. On Sunday, October 7, 1883, the defendant hired of the plaintiff a horse and buggy for a pleasure drive, paying in advance for the use of the same. By his careless management the buggy was overturned and broken by a collision with another team. The injury was not caused by any wilful or malicious act of the defendant.

*Osgood & Prescott*, for the plaintiff.

*Sulloway, Topliff & O'Connor*, for the defendant.

BLODGETT, J. The plaintiff's declaration sets up a contract of bailment between the parties, and then charges a breach of it by the defendant in violation of the plaintiff's rights. No other cause of action is alleged. The plaintiff's claim to damages is consequently founded entirely upon the contract, and the rights and liabilities of both parties must be determined by it. But having been made and fully executed on the Lord's day, the contract was illegal, and therefore no action can be maintained to recover compensation for its breach. Indeed, as is well stated by *Wells*, J., in *Myers* v. *Meinrath*, 101 Mass. 367, that contracts made upon the Lord's day are illegal, and that no action based upon such a contract can be maintained in a court of law or equity, either to enforce its obligations or to secure its fruits, in favor of either party, are propositions settled beyond controversy. For a case exactly in point here, see *Parker* v. *Latner*, 60 Me. 528—*S. C.*, 11 Am. Rep. 210;—and see, also, *Woodman* v. *Hubbard*, 25 N. H. 67–69, and *Way* v. *Foster*, 1 Allen 409.

Limiting our decision, as we do, to the case as stated by the plaintiff, it is not required of us to go farther. We simply decide that a party cannot be permitted to establish his case by alleging and proving his own illegal acts.

*Nonsuit.*

DOE, C. J., doubted whether the defendant's violation of the Sunday contract was the wrong complained of in the declaration.

CLARK, J., did not sit: the others concurred.