# JOSEPH DURAN *v.* STANDARD LIFE & ACCIDENT INS. CO.

*Accident insurance.    Violation of Sunday law.*

An accident policy provided that the insurance did not cover an injury resulting "wholly or partly, directly or indirectly, from any of the following acts, causes or conditions, or when effected by any such act, cause or condition, or under its influence." Among the acts specified was "violation of law." *Held,* that the insured could not recover for an injury received by slipping upon the frozen plowed field across which he was returning home from a combined hunting and visiting expedition on Sunday, for that he was in violation of law both as to hunting and traveling on the Sabbath.

Exceptions from the City Court of Burlington, Peck, J. The action was general assumpsit upon two policies of accident insurance. Plea, the general issue. Trial by court. Judgment for the plaintiff.

The defendant excepts.

The case appears in the opinion.

*Seneca Haselton* and *L. F. Englesby,* for the defendant.

The plaintiff was in violation of the Sunday law, but for which the accident would not have occurred, and cannot by the terms of his policy recover.

*Day* v. *Highland St. Railway Co.,* 135 Mass. 113 and cases there cited; *Crotty* v. *Bangor,* 57 Me. 423; *Baldwin* v. *Barney,* 12 R. I. 392; *Plotz* v. *City of Cohoes,* 89 N. Y. 223; 42 Am. St. Rep. 286; *Johnson* v. *Irasburgh,* 47 Vt. 28; *Insurance Co.* v. *Seaver,* 19 Wall. 531.

---

Duran *v.* Insurance Company.

---

*W. L. Burnap* and *J. J. Enright*, for the plaintiff.

A construction which works a forfeiture will not be adopted if any other is possible.

*Darrow* v. *Family Fund Soc.*, 1 L. R. A. 495 ; 15 Am. St. Rep. 430 ; *Queen Ins. Co.* v. *Young*, 86 Ala. 424 ; 11 Am. St. Rep. 50 ; *Mut. Assurance Soc.* v. *Scottish Union, etc. Ins. Co.*, 84 Va. 116 ; 10 Am. St. Rep. 819.

No violation of law was in progress at the time of the accident. He was not hunting but returning home.

*Johnson* v. *Irasburgh*, 47 Vt. 34.

If the plaintiff was in violation of law, that was not the cause but the occasion merely of the injury.

*Seaver* v. *Travelers' Ins. Co.*, 19 Wall. ; *Bradley* v. *M. B. Life Ins. Co.*, 45 N. Y. 422 ; *Goetzman* v. *Conn. Mut. Ins. Co.*, 3 Hun. 517 ; *Murray* v. *N. Y. Life Ins. Co.*, 96 N. Y. 614 ; *Bluff* v. *M. B. Life Ins. Co.*, 13 Allen 308.

The opinion of the court was delivered by

THOMPSON, J. This is an action of assumpsit on two policies, issued by defendant to plaintiff, insuring him against accidental injuries. If the plaintiff has any ground of recovery, its rests wholly on these contracts of indemnity. A contract of insurance is to be construed according to its terms and the evident intent of the parties as gathered from the language used. All conditions involving forfeitures, as well as all exemptions, are to be construed strictly against the insurer and most favorably for the insured. Yet the language of the contract is to be construed as a whole, is to receive a reasonable interpretation, and the risk is not to be extended beyond what is fairly within the terms of the policy. May on Ins. (2d Ed.) ss. 172, 175 ; *Brink* v. *Ins. Co.*, 49 Vt. 442 . *Mosley* v. *Ins. Co.*, 55 Vt. 142 ; *Darrow* v. *Family Fund Soc.*, 116 N. Y. 537 ; S. C. 15 Am. St.

Rep. 430; *Mutual Assurance Soc.* v. *Scottish Union & Nat'l Ins. Co.*, 84 Va. 116 ; S. C. 10 Am. St. Rep. 819.

Each policy contains the following clause : "This insurance does not cover  *  *  *  injury resulting wholly or partly, directly or indirectly, from any of the following acts, causes or conditions, or when effected by any such act, cause or condition, or under its influence." Then follows an enumeration of such acts, causes or conditions, among which is "violation of law" by the insured.

The injury for which plaintiff seeks to recover is an injury to his knee sustained by him on Sunday, January 20, 1889. The plaintiff and a companion about nine o'clock in the forenoon of that day took guns and ammunition and set out from Burlington on foot for Colchester on a hunting expedition. They traveled on the highway six or seven miles, and then took dinner with a Mr. Coates. After dinner they engaged in hunting with Coates who went with them as far as a Mr. Thayer's where they stopped a short time. Here Coates left them, and the plaintiff and his companion started for home through a field, and while crossing frozen plowed ground in the field to get to the highway, the plaintiff's foot slipped upon the frozen plowed ground and his knee was injured. At the time of slipping he was carrying his gun. The accident occurred between two and three o'clock in the afternoon.

The defendant contends that the facts of the case bring it within the provisions of the policy in respect to violations of law, and that therefore the plaintiff cannot recover.

R. L. 4315 prohibits traveling on Sunday, except from necessity or charity, or visiting from house to house except from motives of humanity or charity or for moral or religious edification. R. L. 4316 prohibits hunting, shooting, pursuing, taking or killing wild game or other birds or animals, on Sunday. A person violating the provisions of either of these sections is to be fined.

At the time of the accident the plaintiff was engaged in hunting. He had his gun with him and was ready to shoot any game he might see, whether in the field or along the highway on his way home. He started out to secure game wherever he might find it, and it does not appear that at the time of the accident he had abandoned this purpose. In hunting, he was violating the law of this state. The traveling of the plaintiff was as much a part of his act of hunting as carrying his gun and ammunition or shooting or capturing game when the opportunity occurred in the course of the hunt. Without walking, the plaintiff could not have engaged in his hunt. Thus the accident was caused directly by plaintiff's violation of the law in hunting.

The effect of the violation of the Sunday law upon a person's right to recover for injuries received in the course of such violation, has generally arisen in cases in which the defendant sought to escape responsibility for his own tort to a traveler or laborer. On this question the decisions have not been uniform. Some courts have held that the immediate cause of the injury was the travel or labor on Sunday, and that the plaintiff could not recover. Of this class of cases are *Day* v. *Highland St. Ry. Co.,* 135 Mass. 113 ; S. C. 46 Am. Rep. 447 ; *Cratty* v. *Bangor,* 57 Me. 423 ; S. C. 2 Am. Rep. 56. Other able courts have held that a Sunday traveler or laborer, injured by the wrongful act or neglect of another, might recover upon the ground that the violation of the Sunday law by the injured party is in the nature of a condition rather than an immediate cause of the injury. To this effect are *Baldwin* v. *Barney,* 12 R. I. 392 ; S. C. 34 Am. Rep. 670 ; *Platz* v. *City of Cohoes,* 89 N. Y. 219 ; S. C. 42 Am. Rep. 286 ; *Sutton* v. *Town of Wauwatosa,* 29 Wis. 21 ; S. C. 9 Am. Rep. 534. In *Johnson* v. *Irasburgh,* 47 Vt. 28, the court avoided the line of reasoning adopted in each of these class of cases, by holding that a town was not bound to maintain a safe and sufficient highway for unlawful travel on Sunday or any other day, and that a person using the highway in violation of

the Sunday law was . there at his own risk ; there being no duty or liability on the part of the town in respect to the highway except that imposed by statute. The plaintiff's right of recovery rests in contract and not in tort. No act or neglect of the defendant caused or contributed to the plaintiff's injury. Were the reasoning in *Baldwin* v. *Barney, supra,* to be adopted, it would not avail the plaintiff, for if being engaged in the unlawful expedition was not the immediate cause of his injury, it was certainly the condition causing it. The provision quoted from the policy excluded liability from any injury of which a violation of law was the cause or the condition producing it. It also expressly provides exemption from liability where violation of law is either the proximate or remote cause or condition producing the injury. In short, it is so drawn as to exempt from liability under the reasoning and the holding of the courts in both class of cases cited.

The plaintiff contends in argument that he was not engaged in hunting at the time he received the injury, but was walking home after he had been visiting. Were this claim conceded, we do not see how it gives plaintiff any better ground for recovery. He was not out simply for open air and gentle exercise, without any object of business or pleasure, as in *Hamilton* v. *City of Boston,* 14 Allen 475, but was traveling several miles and from town to town, on this theory, to make a visit for pleasure. In *Cratty* v. *City of Bangor, supra,* the plaintiff was traveling on foot on Sunday with other persons to make a visit of pleasure to a friend, and it was held that he was traveling in violation of a statute prohibiting traveling on Sunday, unless for charity or necessity. The court further says that "no distinction is made between those who travel within town and those who travel from town to town." In going from Burlington to Colchester and back, a distance of twelve or fourteen miles, to visit Coates for pleasure, or to hunt, the plaintiff was clearly violating the provisions of R. L. 4315 prohibiting traveling on Sunday. Every

step he took in making that trip was in and of itself a violation of law. In taking one of those steps, he slipped and was injured. We think it would savor too strongly of hair-splitting refinement to hold that the injury was not directly caused by the violation of law in traveling. But in this view of the case, the exception in the policy exempts the defendant from liability, whether the traveling is held to be the cause or only a condition producing injury, or influencing it, directly or indirectly. The liability to accident must be greatly enhanced in the case of a person, who like the plaintiff, engages in hunting or traveling about the country on Sunday, in open violation of law, as compared with one who observes the law. The defendant had a right to say that it would not assume such increased risk.

The defendant not having contracted to indemnify the plaintiff for the injury which he received, he cannot recover.

*Judgment reversed, and judgment for defendant.*