JAMES REED, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 13, 1892.

1.   **Railroads:** FIRES: NEGLIGENCE. The sole fact of fire escaping from a passing engine and burning the property of another raises a *prima facie* case of negligence against the owner and operator of the engine.

2. ———: NEGLIGENCE: INJURY: LIABILITY: PROXIMATE CAUSE. The mere concurrence of negligence and injury does not make defendant liable unless the negligence was the proximate cause of the injury.

3. **Negligence:** WHEN UNLAWFUL ACT DOES NOT DEFEAT RECOVERY: PROXIMATE CAUSE. It is no defense to an action of negligence that the plaintiff was engaged in violating the law in a given particular at the time of the injury, unless such violation of the law was a proximate and efficient cause of the injury; and so, though plaintiff's hay when burned was where he had unlawfully stacked it, yet, as he made out his title to his cause of action independent of this unlawful act, it will not defeat his recovery.

4. ———: PROXIMATE CAUSE. That condition is usually termed the cause, whose share in the matter is the most conspicuous, and is immediately preceding and proximate to the event; and in this case it is *held*, that the fire escaping from defendant's engine was the proximate cause of the destruction of the hay, and that, if any relation existed between the unlawful stacking of the hay in violation of the statute and the injury, that relation was not such as to have caused or helped to cause the injury in the natural or ordinary course of events.

5. **Construction:** STATUTE: PENALTY: STACKING HAY. Section 2614, Revised Statutes, 1889, prescribes a penalty of not exceeding $500 for stacking or ricking grain, hay or straw within one hundred yards of the right of way of a railroad.

6. **Railroads:** NEGLIGENCE: BURNING HAY: DEFENSE. When stacks of grain, etc., placed within the prohibited distance of a railroad right of way are destroyed by fire resulting from the negligence of the railroad, it cannot in an action against it grounded on such negligence, be permitted to plead such unlawful act as a defense.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Elijah Robinson,* for appellant.

*J. A. Prewitt* and *Albert M. Ott,* for respondent.

SMITH, P. J.—The undisputed facts of this case were that fire escaped from an engine of defendant and burned a rick of hay belonging to plaintiff, which was

stacked by the latter on his farm within one hundred and fifty feet of defendant's right of way, and not at any station or depot grounds. The judgment was for plaintiff, and defendant appealed.

The rule is now thoroughly imbedded in the law of this state that the sole fact of fire escaping from a passing engine and burning the property of another raises a *prima facie* case of negligence against the company which provides and operates the engine. *Wise v. Railroad*, 84 Mo. 178.

The mere fact, that the defendant was guilty of negligence followed by an injury, does not make it liable unless the injury was occasioned by that negligent act. *Harlan v. Railroad*, 65 Mo. 22; *Stipp v. Railroad*, 85 Mo. 229. Such negligence must be the direct or proximate cause of the injury. *Whalen v. Railroad*, 52 Mo. 434; 1 Rorer on Railroads, 528. There must be a connection between the negligent act and the injury inflicted. *Powell v. Railroad*, 76 Mo. 80; *Stipp v. Railroad*, 85 Mo., *supra*. According to these rules it seems to us the liability of the defendant so far is plain enough.

The defendant contends that, notwithstanding these considerations, it is still not liable, because the plaintiff had stacked his hay where the statute, section 2614, declares it to be unlawful for him to do so. It is not shown that had the plaintiff not stacked his hay within the prohibited one hundred yards of defendant's right of way it would not have been burned.

Plaintiff's hay, when burned, was at a place where he had previously unlawfully stacked it. He, however, did not endeavor to derive any assistance from his unlawful act in making out his case; for if he had been under such a necessity his action would fail. *Hatch v. Hanson*, 46 Mo. App. 323; *Welch v. Wisson*, 6 Gray, 505; *Gregg v. Wyman*, 4 Cush. 522. A party may be

acting in violation of some particular statute and will still be under the general protection of the law. He may maintain his action, though violating the law when his title is independent of his unlawful act. *Spofford v. Harlow*, 5 Allen, 176; *Damon v. Inhabitants*, 119 Mass. 66; *Smith v. Boston*, 120 Mass. 538. It is no defense to an action for negligence that the plaintiff was engaged in violating the law in a given particular at the time of the injury complained of, unless the violation of the law was a proximate and efficient cause of the injuries. A mere collateral wrong-doing by plaintiff, that has no tendency to occasion the injury, cannot avail the defendant through whose negligence the injury has been suffered. *Davidson v. Portland*, 69 Me. 116; *Morrow v. Uttich*, 56 Wis. 581; *Sutton v. Wauwatosa*, 29 Wis. 21.

In the last-cited case Chief Justice DIXON, in discussing the question whether the unlawful act of the plaintiff without negligence will defeat his right of recovery for an injury caused by the negligence of the defendant, declared that to make good the defense on this ground it must appear that a relation existed between the act and violation of law on the part of the plaintiff and the injury or accident of which he complains, and that relation must have been such as to have caused or helped to cause the injury or accident, not in a remote or speculative sense but in the natural and ordinary course of events, as one event is known to precede or follow another. In *Moulton v. Lanford*, 51 Me. 134, it was said ordinarily that condition is usually termed the *cause* whose share in the matter is *the most conspicuous, and is the most immediately preceding and proximate to the event.*

In the light of these principles it is clear that the defendant's negligence was the direct and proximate cause of the injury. It does not appear that a relation

existed between the plaintiff's violation of the statute and the injury, or, if so, that that relation was such as to have caused or helped to cause the injury in the natural or ordinary course of events. No reason is perceived why the ordinary rule declared in *Whalen v. Railroad,* and the other cases already cited, does not apply in a case of this kind.

We think the defendant in error, in assuming that section 2614 provides no penalty for a disregard of its prohibition as to stacking or ricking grain, hay or straw within one hundred yards of the right of way of any railroad company, except at its stations or depot grounds. The section is, in some respects, quite inartistic and clumsy in its structure. It is wanting in that accuracy and finish which should characterize an expression of the legislative will, yet its penal scope is made quite plain by its concluding words, to-wit: "Any corporation, company or person failing to comply with the provisions of this section shall incur a penalty not to exceed $500, and be liable for all damages done by said neglect of duty." Acts, 1883, 50. These words refer to the several duties by the section previously therein enjoined. If this penalty does not extend to the violation of that part of the section in relation to stacking and ricking up grain, hay and straw, then there is no penalty provided for such violation.

In view of this and the further fact that such violation is necessarily within the very terms of the penal clause itself, we cannot very well see how defendant's contention in this regard can be sustained. This construction, instead of rendering the section a meaningless enactment, gives it practical operation. If a landed proprietor commits the forbidden act there is provided a suitable penalty for its commission. In this lies the security of the railroad companies, which, it was no doubt, the object of the legislature to afford

them. But, when stack or ricks of grain, hay or straw which are placed within the prohibited distance of a railroad right of way are destroyed by fire resulting from the negligence of the railroad, it cannot, in such case, in an action against it grounded in negligence, be permitted to plead such unlawful act as a defense thereto. The solution of this case must be found rather in the principles to which we have already adverted.

It results from these observations that the judgment of the circuit court must be affirmed. GILL, J., concurs; ELLISON, J., concurs in result.