Rockingham, }
  Dec., 1895. }

BEACHAM *& a.* v. PROPRIETORS OF PORTSMOUTH BRIDGE.

When there is a conflict between the *lex loci* and the *lex fori,* the former governs in torts the same as in contracts.

It is a good defence to an action brought in this state, for injuries sustained in the state of Maine while traveling for pleasure on the Lord's day, that no recovery could be had under the laws of that state.

CASE, for negligence. Facts found by the court. The defendants own and possess a toll bridge over the Piscataqua river between Portsmouth and Kittery. On Sunday, April 29, 1894, the plaintiffs, having paid the required toll, were crossing the bridge, on a pleasure excursion, with a barge drawn by four horses; and while on the portion within the state of Maine one of the horses was injured by a defect in the bridge caused by the defendants' negligence. The plaintiffs seek to recover damages for the injury. The laws of Maine relating to the questions involved are a part of the case. A verdict in favor of the plaintiffs for $150 was filed, which is to be set aside and there is to be judgment for the defendants, if the action cannot be maintained; otherwise, there is to be judgment on the verdict.

*Samuel W. Emery,* for the plaintiffs.

*Frink & Marvin,* for the defendants.

CHASE, J. If there is a conflict between the *lex loci* and the *lex fori,* the former governs in torts the same as in contracts, in respect to the legal effect and incidents of acts. Cool. Torts 471; Sto. Conf. Law (7th ed.), *s.* 307 d; *Mostyn* v. *Fabrigas,* Cowp. 161;

*Phillips* v. *Eyre*, L. R. 4 Q. B. 225, 239,— S. C., L. R. 6 Q. B. 1, 28; *Smith* v. *Condry*, 1 How. 28; *Dennick* v. *Railroad*, 103 U. S. 11; *Walsh* v. *Railroad*, 160 Mass. 571; *Henry* v. *Sargeant*, 13 N. H. 321; *Laird* v. *Railroad*, 62 N. H. 254. Therefore, whatever would be a defence to this action if it had been brought in the state of Maine is a defence here, although it would not be if the cause of action had arisen in this state.

By section 20, chapter 124, Revised Statutes of Maine, a person who travels on the Lord's day, except from necessity or for charity, may be punished. Walking for exercise (*O'Connell* v. *Lewiston*, 65 Me. 34; *Davidson* v. *Portland*, 69 Me. 116), carrying a disabled person to a ride to give him the benefit of air and exercise (*Sullivan* v. *Railroad*, 82 Me. 196), and carrying a visitor home who insists upon going (*Buck* v. *Biddeford*, 82 Me. 433), come within the exception; but traveling for pleasure is an offence under the statute, and has the effect to disable the offender from recovering damages for an injury to his person or team while so traveling, caused by the negligence of another. *Hinckley* v. *Penobscot*, 42 Me. 89; *Cratty* v. *Bangor*, 57 Me. 423; *Parker* v. *Latner*, 60 Me. 528; *Wheelden* v. *Lyford*, 84 Me. 114.

The plaintiffs raise the *quære* whether this is now the law of Maine, in view of the decision in *Baker* v. *Portland*, 58 Me. 199. In that case the plaintiff's cause of action was an injury received in consequence of a defective highway, and the defence was that, at the time of the injury, the plaintiff was violating a city ordinance which prohibited driving at a faster rate of speed than six miles an hour, under a penalty. It was held that a violation of the ordinance would not be a defence unless it contributed to produce the injury. Of cases in which it had been held that a person violating a penal statute could not recover for his injury, the court said: "It will be seen, upon examination, that the wrongful act of the plaintiff either was, or was assumed to be, in some manner or degree contributory to the production of the injury complained of." The violation of an ordinance against fast driving may or may not tend to cause an injury to a traveler according to the circumstances, but the violation of the statute against traveling on the Lord's day necessarily causes the traveler to be in the position where he was injured; it tends to produce the injury by furnishing the opportunity for receiving it. *Cratty* v. *Bangor*, *supra*. The cases of *Parker* v. *Latner* and *Wheelden* v. *Lyford*, decided since *Baker* v. *Portland*, show that the law as laid down in *Cratty* v. *Bangor* was then regarded as the law of the state. If it was not the law of the state as late as March 21, 1895, there would have been no occasion for the act of the Maine legislature of that date (Laws 1895, c. 129), which in effect repeals the law of *Cratty* v. *Bangor* and other like cases by providing that the provisions of c. 124,

R. S., relating to the observance of the Lord's day, shall not affect the right or remedy of a party growing out of an injury received on that day.

The plaintiffs' injury having been received while they were traveling in the state of Maine upon a pleasure excursion on the Lord's day, prior to the enactment of the Maine statute of 1895, their rights are governed by the law of *Cratty* v. *Bangor*, and the other cases cited.

*Verdict set aside ; judgment for the defendants.*

WALLACE, J., did not sit: the others concurred.