FIRST NATIONAL BANK OF CENTREVILLE v. DOUGHERTY.

**Promissory note :** POST STAMPING : NOTICE THEREOF.   Where the holder of a promissory note, issued without a stamp but afterward stamped without authority, received it with notice of these facts, they may be properly pleaded against him as a defense in an action on the note. The case of *Blackwell* v. *Denie*, 23 Iowa, 63, distinguished from the present one.

*Appeal from Appanoose Circuit Court.*

TUESDAY, JULY 26.

ACTION on a negotiable promissory note, by the indorsee thereof.   Defense, want of stamp, failure of considera-

tion and fraud, and that all these were known to plaintiffs. Demurrer to answer overruled ; plaintiff stood thereon. Judgment for defendant ; the plaintiff appeals.

*Harris & Drake* for the appellant.

*Perry & Townsend* for the appellee.

COLE, Ch. J.—The petition is in the usual form for an action by indorsee upon a negotiable promissory note ; a copy of this note, with a proper stamp, is set out in the body of the petition. The defendant, for answer, admits that he executed the note, except that it was not stamped when signed, nor afterward by his consent or authority. He avers that it was given for a patent right, falsely represented to be such and of value, while it was in fact a fraud and worthless ; that the note was given in consideration of the right to use and sell such patent right, which was to be conveyed to him, and the note was not to have any effect until such conveyance ; that no such conveyance had ever been made ; and the note never had any legal effect, as such. "And he further states, that when the plaintiff's received said note they knew full well all the matters as stated in this answer, and should not recover." And for further answer he states, that plaintiff did not pay any value for the note.

The plaintiff demurred "to so much of the answer as claims the illegality of the note for deficiency in stamping, and shows : *First*. That the answer admits the making and delivery of the note to the payee : *Second*. It is not claimed that plaintiff had knowledge of any insufficiency of the stamp, as either party, by agreement, may stamp." This demurrer was overruled, and such ruling is now assigned as error.

This case differs from *Blackwell* v. *Denie*, 23 Iowa, 63, in the essential particular that there the plaintiff received

the note in good faith and without any notice of the failure of the maker to stamp it, as it appeared when he purchased it; while here it is distinctly averred that "plaintiff knew full well" that the note was not stamped by the maker, nor was any one authorized by him to stamp it, but the same was made as an incomplete instrument, until the conveyance, which was to be the consideration for it, was executed. This averment of knowledge on the part of plaintiff, was admitted by the demurrer, and thereby the plaintiff became in no better position than the payee; and that he could not recover under the averments of this answer will be agreed.

Affirmed.