Ricord v. Jones.

*4. —— pleading: instruction.*

Reversed.

---

## Ricord v. Jones *et al.*

1. **Stamps: EFFECT OF OMISSION: ONUS.** The case of *Mitchell* v. *The Home Ins. Co.*, 32 Iowa, 421, holding that an unstamped instrument will be regarded as invalid only when it appears that the omission was made with intent to evade the provisions of the revenue law, or to defraud the government of the stamp duty, followed.

2. —— The burden of proving that the omission was fraudulent rests upon the defendant.

*Appeal from Washington District Court.*

MONDAY, DECEMBER 11.

ACTION upon a promissory note against Jones, the maker, and Farley, the payee and guarantor. Among other

Ricord v. Jones.

defenses Farley sets up that the guaranty upon which the action against him is based, " was by the plaintiff received in fraud of the revenue laws of the United States, not having been stamped with an internal revenue stamp and cannot be enforced." Upon the introduction of the note and guaranty in evidence, defendant, Farley, objected to the latter instrument on the ground that it was not stamped. The objection was overruled and the guaranty received in evidence. No evidence was offered by defendant showing that the stamp was omitted with a fraudulent intent, nor did plaintiff introduce any proof explaining its omission. Judgment was rendered against defendants. Farley appeals

*McJunkin & Henderson* for the appellants.

*Kooghe & Storrs* for the appellees.

BECK, J. — On the authority of *Campbell* v. *Wilcox*, 10 Wal. 421, this court, in *Mitchell* v. *The Home Insurance Co.*, 32 Iowa, 421, overruled *Hugus* v. *Strickler*, 19 id. 416, and the cases following it, holding that an instrument, which, under the act of congress, is required to be stamped, will be deemed invalid for want of a stamp only in case it was omitted with intent to evade the provisions of the act and defraud the government of the stamp duty.

The United States supreme court in *Campbell* v. *Wilcox* holds, that " the act of congress which requires promissory notes and other instruments to be stamped, only declares that they ' shall be deemed invalid and of no effect ' when the stamp is omitted ' with intent to evade the provisions of the act, that is, with intent to defraud the government of the stamp duty. It is a fraudulent and not an accidental omission at which the penalty of the statute is directed. Such fraudulent omission, if available at all to the maker

of the note, can only be set up by special plea or urged at the trial." Under the doctrine of this case the omission of a stamp will defeat the note only when it is fraudulently omitted; and, in that case alone, constitutes a defense which must be pleaded or sustained by evidence at the trial in order to benefit the defendant in the action. The burden rests upon the defendant to support his plea. He must show that the stamp was omitted with intent to evade the provisions of the act of congress providing for stamp duties upon written instruments. There is no escape from this conclusion. If the fraudulent omission of the stamp is available as a defense only when it is pleaded or is properly shown in evidence, it is like all other defenses, and the burden of establishing it rests upon the defendant pleading it. Rev., § 2942.

In the case before us, while this defense, want of a stamp, was sufficiently pleaded, it was not sustained by evidence. The court therefore properly rendered judgment for plaintiff. This is the effect of the decision, in *Campbell* v. *Wilcox*, which we are bound to follow.

We do not find it necessary, in this view of the case, to pass upon the other question presented, viz., whether a guaranty written upon a note requires a stamp. We express no opinion thereon.

Affirmed.