JAMES P. WENTWORTH *vs.* EDWARD H. WOODSIDE.

Cumberland. Opinion February 24, 1887.

*Lord's day. R. S., c. 82, § 116.*

The statute which provides that no person shall defend an action on a contract upon the ground that it was made on the Lord's day, until he restores the consideration received for the contract, applies to an action in which the defendant is sued for a sum which he promised to pay as the difference of

value between horses exchanged by the parties, the defendant not restoring or offering to restore the horse obtained from the plaintiff.

ON exceptions from superior court.

The opinion states the material facts.

*F. V. Chase* for the plaintiff, cited: *Berry* v. *Clary*, 77 Maine, 482; *State* v. *Bonney*, 34 Maine, 223.

*Weston Thompson,* for the defendant.

The exchange of animals was proposed, assented to and effected on the "Lord's day," in violation of Rev. Stat. c. 124, secs. 20 and 22, and because the plaintiff was a party to that violation, and does not come into court with clean hands, he cannot recover in this action. There was no legal contract on which to maintain assumpsit. The declaration is false, and the plea is true. 26 Maine, 464; 50 Maine, 83; 63 Maine, 576; 71 Maine, 238; 15 Gray, 433.

Against these reasons and authorities, the plaintiff hopes to prevail by R. S., c. 82, sec. 116, enacted in 1880.

The loss falls on that party who is unable to maintain himself in court without showing his own fault. Broom's Legal Maxims, 574 to 579.

The prohibition which this late act relaxes, is part of the iron creed of the Puritan, and as old as the laws of Athelstan, and is also founded on the secular considerations which Blackstone says the law much regards. 4 Bl. Com. 63.

If ever a statute should have a narrow construction and a restricted application, it is one which puts the law at the service of a plaintiff who claims to recover damages on the proof and strength of his own crime. The question is — what did the Legislature mean? The distinction which we make, between sale and barter, is not suggested in the language of the act, but words are not the only evidence of its intent, and are not necessarily the controlling evidence of it. Where the effect would be needless mischief, it is more reasonable and more respectful, and more in accord with public policy, to say the Legislature was unskilful in the choice of words than that it meant to make the law a thief. Such an imputation should not be put upon those

who forebore to repeal the laws against arson, robbery, larceny, embezzlement and malicious mischief. *Landers* v. *Smith*, 78 Maine, 212, (1 New England Rep. 896;) *Holmes* v. *Paris*, 75 Maine, 561; *Somerset* v. *Dighton*, 12 Mass. 384; *Gibson* v. *Jenney*, 15 Mass. 204; *Com.* v. *Loring*, 8 Pick. 370; *Com.* v. *Kimball*, 24 Pick. 370; *Brown* v. *Pendergast*, 7 Allen, 429; *Winslow* v. *Kimball*, 25 Maine, 493; *People* v. *Utica Ins. Co.* 15 Johns. 358; *Blakeney* v. *Blakeney*, 6 Porter, 109; *People* v. *Lambier*, 5 Denio, 9; *Rogers* v. *Brent*, 5 Gilman, 573.

In such cases, the tender is excused when the party to whom it was due has voluntarily parted with power to do what would be his duty if the tender were made. 2 Allen, 440; 6 Allen, 273; 112 Mass. 509; 9 Cush. 215; 17 N. H. 573; 30 B. Monroe, 517; 17 Maine, 296.

PETERS, C. J. The plaintiff and defendant exchanged horses on the Lord's day, the defendant agreeing to pay fifty dollars for the difference in value between the animals. The action is to recover the fifty dollars, the defendant not returning nor offering to return the horse which he received from the plaintiff. The action may be sustained. The statute seems to be completely applicable, which declares that "no person who receives a valuable consideration for a contract, express or implied, made on the Lord's day, shall defend any action upon such contract on the ground that it was so made, until he restores such consideration."

The whole consideration received by the defendant is still in his hands. He cannot retain it and avoid his contract. It is urged that he cannot safely make restoration — that by doing so he might lose the horse which the plaintiff received from him. But the statute is exacting — unconditional. It matters not that the defendant cannot restore, or profitably or safely restore. If he does not in fact restore he cannot defend. There may be many cases where a defendant cannot restore the consideration received. It may have passed into other hands, or gone into other form, or been consumed or lost. And cases may often arise, as in this case, where a defendant is unwilling to take the

risk to restore. But for all such cases was the statutory require-ment intended. The statute is broad and remedial and should be liberally construed, to prevent fraud or injustice.

The argument of counsel would seem to imply that the law was enacted to protect a defendant. It is for the public protec-tion, treating parties fairly, alike. It must be borne in mind, looking at the just and equitable view of the transaction, that the worst which can befall a defendant who fails to make the restoration required of him, will be to perform his contract, which though made on Sunday, is presumed to have been as carefully made as if on any other day.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.