FIRST NATIONAL BANK OF BAR HARBOR<br><i>vs.</i><br>STEPHEN L. KINGSLEY, and FIRST NATIONAL BANK of<br>ELLSWORTH, Trustee.

84  111
93  562
93  563

Hancock.    Opinion December 14, 1891.

*Sunday law. Restoring consideration. Judicial notice. R. S., c. 82, §§ 115, 116.*

A contract made on Sunday, where the transaction of such business is prohibited, is an illegal contract and void between the parties.

The indorsement of a promissory note is an act within the statute prohibiting secular business on the Sabbath.

Before a party can defend an action, based on contract, on the ground that it is a Sunday contract, he must make restoration of whatever consideration he may have received under such contract.

The court will take judicial notice of the computation of time, and upon what day of the week a certain day of the month falls, or that a certain day of the month falls upon Sunday.

ON EXCEPTIONS.

The defendant filed a general demurrer to the declaration, which was in assumpsit upon two promissory notes both of which were dated Sunday. Upon joinder by the plaintiff the court overruled the demurrer and the defendant excepted. If the excep-

tions were overruled, it was stipulated that judgment should be rendered for the plaintiff.

The case sufficiently appears in the opinion.

*E. S. Clark*, for plaintiff.

*Wiswell, King and Peters*, for defendant.

FOSTER, J.   The plaintiff as indorsee of two promissory notes made payable to the defendant or his order, declares against him as indorser of the same.   The defendant challenges the plaintiff's right of recovery by a general demurrer to his declaration.   The rights of the parties must be determined upon their pleadings.

The plaintiff's declaration sets out the date of each note, (August 4, 1889, and January 19, 1890, respectively, both of which dates fell upon Sunday,) and that this defendant, the payee, on the same day on which they bear date indorsed and delivered them to certain parties named, who on the same day indorsed and delivered them to the plaintiff.

Among other things of which the court takes judicial notice is the computation of time, and upon what day of the week a certain day of the month falls, or that a certain day of the month falls upon Sunday.   *Philadelphia, etc. R. Co.* v. *Lehman*, 56 Md. 209 ; *McIntosh* v. *Lee*, 57 Iowa, 356.

While the statute expressly prohibits the performance of secular business upon the Sabbath, except works of necessity or charity, it also provides that no deed, contract, receipt or other instrument in writing is void because it bears date upon the Lord's day, without other proof than the date, of its having been made and delivered on that day.   R. S., c. 82, § 115.   But the defendant contends that this presumption which the statute raises that the notes were made, delivered and indorsed on a secular day, is overcome by the plaintiff's allegation that they were dated, signed by all the parties, including the defendant as indorser, and delivered to and received by the plaintiff on the day of their date which was Sunday.   Hence, the defendant claims that the plaintiff cannot recover inasmuch as, by his own statement of his cause of action, he sets up an illegal contract to which he him-

self is a party. *Towle* v. *Larrabee*, 26 Maine, 464; *Plaisted* v. *Palmer*, 63 Maine, 576; *Mace* v. *Putnam*, 71 Maine, 238.

A contract made on Sunday, where the transaction of such business is prohibited, is an illegal contract, and void as between the parties. In such case, any contract for the payment of money or the performance of any service cannot be enforced as between the parties, nor if money has been paid or property transferred by one party to the other under such contract, where both parties are alike in fault, can it be recovered back, because of the well settled maxim, "*Potior est conditio possidentis.*"

That the indorsement, as well as the making and delivery, of a promissory note is an act within the statute prohibiting secular business on the Sabbath, is settled in *Benson* v. *Drake*, 55 Maine, 555. The indorsement creates a new contract. It affects the liability of the maker, as well as the contract to which it is subsidiary. It is not a work of necessity or charity, but a business transaction.

But while it is the well settled doctrine that such contracts are illegal, the legislature of this State has seen fit to impose upon the party who sets up such illegality by way of defense, before he can invoke that illegality, the duty of making restoration of whatever consideration he may have received under such contract. *Berry* v. *Clary*, 77 Maine, 482; *Wentworth* v. *Woodside*, 79 Maine, 156; R. S., c. 82, § 116. The language of the statute is plain and comprehensive: "No person who receives a valuable consideration for a contract, express or implied, made on the Lord's day, shall defend any action upon such contract on the ground that it was so made, until he restores such consideration."

A defense may be made to an action as well by demurrer as in any other manner. A demurrer admits the facts set forth, and challenges their sufficiency in law upon which to maintain the action. It is the defense made to this action. But notwithstanding the illegality of the contract, not only in its inception, but also in the indorsement and delivery to the plaintiff, may be apparent upon the face of the declaration, yet it nowhere

appears that the defendant has restored the consideration which the law presumes he received for such indorsement and transfer, and thus enabled himself to interpose the defense he now undertakes to set up. Until that is done, no defense can be made that the contract is illegal by reason of its being made upon Sunday.

The statute is imperative. The object to be accomplished by it was to compel a defendant to a Sunday contract to do equity. He cannot shield himself against its provisions requiring him to make restoration of the consideration received by him before interposing such defense, by the fact that his indorsement and delivery of the notes were not to the plaintiff, but to an intermediate party who also indorsed and delivered them to the plaintiff. The law among other things presumes an indorsement of negotiable paper to be for value. That value has not been restored and this defense cannot be allowed.

In accordance with the stipulation in the bill of exceptions, the entry must be,

*Exceptions overruled.   Judgment for plaintiff.*

PETERS, C. J., VIRGIN, LIBBEY and WHITEHOUSE, JJ., concurred. EMERY, J., did not sit.