ALBERT WHEELDEN *vs.* FRANK LYFORD.

SAME *vs.* SAME.

Penobscot. Opinion December 16, 1891.

*Sunday Law. Contract. Tort. R. S., c. 82, § 116; c. 124, § 20.*

Revised Statutes, c. 82, § 116, applies to actions of assumpsit on the contract even though the consideration cannot, in the nature of things, be restored. It does not apply to actions for negligence, but leaves the Sunday law (R. S., c., 124, § 20,) in full operation as to them.

FACTS AGREED.

The parties stated their cases as follows : Two actions, one upon account annexed for horse hire, the other in tort for damage to the team, through defendant's negligence while in his possession, under said contract of hire.

The team was hired and used for pleasure on Sunday, December 21, 1890, and was injured by defendant's negligence, as aforesaid, and returned in a damaged condition.

The pleadings were the general issue in both cases, with a brief statement setting up the Sunday law as a defense.

If the actions were maintainable, or either of them, the defendant was to be defaulted, in one or both, as the case may require, and damages to be assessed at *nisi prius;* if neither of the actions could be maintained, the plaintiff was to become nonsuit.

*Peregrine White,* for plaintiff.

*P. H. Gillin,* for defendant.

EMERY, J. The defendant on Sunday or Lord's day, hired of the plaintiff a team for the purpose of pleasure driving on the same day. The defendant used the team for that purpose on that day as the plaintiff supposed he would, and while so using the team he injured it, not wilfully, but solely by his negligence. He returned the team to the plaintiff in a damaged condition on the same day and refused to pay for the injury or the hire. The plaintiff, thereupon, afterward brought these two actions, one in case for the injury caused by the defendant's negligence, the other in assumpsit for the hire. The defendant invokes in defense of both actions, the "Sunday Law," R. S., c. 124, § 20.

Before the enactment of R. S., c. 82, § 116, in 1880, the plaintiff could not have maintained either action. The contract itself was of course void under the old law ; and *Parker* v. *Latner*, 60 Maine, 528, expressly decides that on these facts an action for negligence could not have been maintained.

How far has the new statute, R. S., c. 82, § 116, changed the law ? It does not in terms make lawful anything which was before unlawful. It does not say that contracts made on Sunday are valid or enforceable. It does not say that men may work on Sunday or play on Sunday without offense. No inhibitions of the statute or common law against Sunday business or pleasures are repealed. The new statute does not create any new rights of actions. It simply forbids the interposition of the "Sunday law," in defense to certain enumerated actions in certain enumerated cases. Those actions and cases not enumerated in the statute remain unaffected by it. The statute is limited in terms to actions upon contracts where the defend-

ant has received a valuable consideration. In such an action and case the. defendant is delayed in interposing the "Sunday law" in defense until he restores the consideration. If he restores the consideration he may then interpose that defense and defeat the action.

The hiring and using of this team on Sunday were illegal. The plaintiff was a party to that illegal transaction. The statute does not forbid the defendant defending on that ground against the action on the case for negligence. Such an action is not named nor implied in the statute. It may be a *casus omissus,* but we cannot supply it. We must recognize the defense to the action for negligence on the authority of *Parker* v. *Latner, supra,* and dismiss that action.

The action of assumpsit is an action on the contract. The plaintiff relinquished the use of the team to the defendant in consideration of the defendant's promise to pay for the use. This constitutes a technical valuable consideration for such promise. The only infirmity about it is the operation of the Sunday law upon it. In all other respects the consideration is valid as a foundation for a promise, and in that one respect the statute cures the defect. The contract and the action upon it are thus within the terms of the statute.

The defendant cannot now defend this action of assumpsit on the ground of the contract having been made on Sunday until he restore that consideration. That he cannot restore it — that in the nature of things it is not restorable, does not relieve him. He need not have made the contract. Having made the contract and received the consideration he must either restore the consideration or abide the contract. If he cannot do the former he must do the latter. The statute is explicit and imperative. *Wentworth* v. *Woodside,* 79 Maine, 156. We can no more curtail it to shut out this action, than we could extend it to include the action on the case for negligence.

In the action on the case for negligence, *Plaintiff nonsuit.*

In the action of assumpsit for hire, *Defendant defaulted.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.