JOHN E. BRIDGES *vs.* ALBERT BRIDGES.

York.    Opinion January 12, 1900.

AMELIA D. KNIGHTS *vs.* RICHARD W. BROWN, and another.

Somerset.    Opinion January 12, 1900.

*Sunday Law.   Action.   Pleading.   Stat. 1821, c. 9, § 2.   R. S., c. 82, § 116; c. 124, § 20.   Stat. 1895, c. 129.*

1.  It is now provided by statute (R. S., c. 82, § 116,) that persons receiving a valuable consideration for a contract made on Sunday shall not defend against it, on that ground, until they first shall have restored the consideration.

The defendant sold a horse on Sunday with warranty to the plaintiff who tendered a return of it, which was refused. *Held;* that the tender rescinded the contract and the purchase money became the plaintiff's.

*Also;* that the same result would follow in an action upon the contract for breach of warranty.

2. By statute of 1895, c. 129, it is enacted that the act of 1821, c. 9, (R. S., c. 124, § 20,) shall not bar any action for tort or injury suffered on Sunday.

Where the plaintiff suffered an injury on Sunday through the defendant's negligently letting him an unsafe carriage, *held;* that the defendant may have assumpsit for breach of an implied warranty to furnish a suitable carriage, or case for negligence in not doing so.

ON EXCEPTIONS BY PLAINTIFF.

II.   The first case was an action of assumpsit, the declaration containing counts for money had and received, account annexed, and an omnibus count, to recover seventy-five dollars paid by the plaintiff to the defendant for a horse on Sunday.

The plaintiff introduced evidence tending to show the purchase and a warranty that the horse was sound and safe for plaintiff's wife and son to drive; that he relied on the warranty; that the horse proved to be unsound and unsafe; and that after two weeks he returned the horse to the defendant who refused to refund the money.

The presiding justice ruled that an action for a breach of the contract of warranty, it being a Sunday contract, could not be maintained, and ordered a nonsuit.

The plaintiff was allowed exceptions to the ruling and order of the court.

*J. C. Stewart,* for plaintiff.

The object of this statute was "undoubtedly to make a party defendant to a Sunday contract do equity." *Berry* v. *Clary,* 77 Maine, 482, 485; *Wentworth* v. *Woodside,* 79 Maine, 156; *Bank* v. *Kingsley,* 84 Maine, 111; *Wheelden* v. *Lyford,* 84 Maine, 114.

See also:—*Batsford* v. *Every,* 44 Barb. (N. Y.), 618; *Eberle* v. *Mehrback,* 55 N. Y., 683; *Miller* v. *Roessler,* 4 E. D. Smith, (N. Y.), 234.

In this last case the court held that an action for breach of warranty in the sale of horses made Sunday could be maintained. So

also in *Maurer* v. *Wolf*, 21 N. Y. Supp. 202. The same was the case in *Adams* v. *Gay*, 19 Vt. 358. Is the contract void? Then nothing passes and plaintiff is entitled to recover. *Tucker* v. *Mowrey*, 12 Mich. 378; *Brazee* v. *Bryant*, 50 Mich. 140.

*G. F. and Leroy Haley*, for defendant.

The defendant never having consented to, nor actually, received the horse back, this action is therefore for the purpose of recovering back the purchase price after rescinding the contract of sale made on Sunday.

Before the passage of c. 82, § 116, of R. S., the law would lend its aid, neither in enforcing nor in rescinding a contract made on the Lord's day. This statute enables one party to such a contract to enforce his remedy and oblige the other party to fulfil his promise. This is where one party has not performed his part of the contract. Both parties did fulfil their promise and the contract was fully completed.

The law will not lend its aid to rescind a contract made on the Lord's day. The law stands as it did before the passage of c. 82, § 116, R. S.

In *Plaisted* v. *Palmer*, 63 Maine, 576, the court held that an action of assumpsit to recover back the price paid for the horse on account of a deceit practiced in the sale, would not lie, because based upon a contract tainted with illegality (Sunday trade). The law as laid down in *Plaisted* v. *Palmer* exists today, and was not changed by the section of the statute referred to.

I. As appears by the bill of exceptions, the second case was an action of the case brought to recover damages on an implied warranty by a livery stable keeper that the carriage was safe and suitable in kind, for the purpose for which it was let, to wit:—to ride about town. There was evidence introduced by the plaintiff tending to prove that the purpose of the ride was to take the air. There was also evidence in the case tending to prove that the hind seat of the carriage, for want of sufficient fastening, tipped over and allowed the plaintiff to fall out backwards, in consequence of which she received injuries. The hiring of the carriage was on Sunday, and

the accident occurred on Sunday afternoon before sunset. After the evidence for the plaintiff was all taken out, the defendant moved a nonsuit, on the ground that the contract of hiring was an illegal contract and fell within the provisions of R. S., c. 124, § 20, and was void. The presiding justice upon the foregoing evidence ordered a nonsuit.

The declaration was a part of the case.

## (DECLARATION.)

"In a plea of the case:—for that on the 14th day of August, A. D. 1898, at Skowhegan aforesaid, the defendants owned, controlled and managed a livery stable, and were engaged in letting teams to the public for hire; that on the said 14th day of August, 1898, at said Skowhegan, the said plaintiff procured one Charles H. Folsom to hire of said defendants, a team for her use, for the purpose of riding. The said team consisted of a horse and a two-seated wagon; and the plaintiff avers that it was the duty of the said defendants to furnish for her use a safe, suitable and sufficient wagon, but that the defendants, wholly unmindful of their duty, carelessly and negligently, without due care and without notifying her or the said Charles H. Folsom, furnished for her use, an unsafe, insufficient and unsuitable wagon, that the back seat of said wagon was dangerous and defective, and unsecurely and improperly fastened to the body of the wagon; all of which was known to said defendants but unknown to the plaintiff; that while in the exercise of due care the plaintiff was riding upon the public streets of said Skowhegan, to wit, up the hill on Summer street, the horse traveling at a walk, when the back seat of said wagon tipped over by reason of its insecure, unsafe and dangerous fastening, and the plaintiff was thrown violently upon the ground, etc. . . . "

Plea, general issue, not guilty.

*Forrest Goodwin,* for plaintiff.

Counsel cited: Stat. 1895, c. 129. The declaration is in tort, the plea is in tort and the evidence tended to prove the tort, and therefore we claim that the plaintiff should not have been nonsuited. If it is contended that the plaintiff is bound by the recital

in the exceptions, we say no. If the declaration, plea and evidence show that the case could have been maintained, then we should not have been thrown out of court. The decision of the presiding justice was not made upon the recital as it appears in the exceptions, but upon the evidence and pleadings.

*E. N. Merrill*, for defendants.

The only question in the case is: was the hiring of the team on Sunday an illegal contract and therefore void?

The contract between the parties was one of bailment and it was under such a contract that the plaintiff was in possession of the team. It was by virtue of that contract alone that the liability of the defendants, if any, arose; and if in consequence of the negligence of the defendants the plaintiff received an injury, under ordinary circumstances they would be liable. But that is not this case. The hiring by the plaintiff was illegal and the contract void. Both parties were engaged in an illegal and void contract. Such being the case the plaintiff cannot recover. *Parker* v. *Latner*, 60 Maine, 528; *Bank* v. *Kingsley*, 84 Maine, 111; *Wheelden* v. *Lyford*, 84 Maine, 114; *Morton* v. *Gloster*, 46 Maine, 520.

SITTING:   PETERS, C. J., HASKELL, WISWELL, STROUT, FOGLER, JJ.

HASKELL, J.   These two cases turn upon the construction of the same statute, and are therefore considered in one opinion.

The first is an action of assumpsit to recover the purchase money paid for a horse bought on Sunday. The plaintiff tendered a return of the horse for breach of warranty of soundness, which was refused, and sues for the price paid for it. The sale was on Sunday. The plaintiff was nonsuit and has exception.

The second is an action on the case to recover damages sustained for negligently letting a carriage that was unsafe and unsuitable for the uses for which it had been hired. The hiring was on Sunday, and the damage suffered was on Sunday. The plaintiff was nonsuit and has exception.

To both cases § 20, of c. 124, of R. S., is interposed as a defense. In reply § 116, of c. 82, of R. S., is invoked in the first case, and the act of 1895, c. 129, in the second case. The former statute, inherited from Massachusetts, was upon the erection of our state enacted in 1821, c. 9, § 2. Among other things it prohibits business, except works of charity or necessity, upon the Lord's Day. By a long line of decisions this court has held that, by reason of that statute, a contract made on Sunday is void between the parties, and that the consideration therefor cannot be recovered back, and that a tort arising from such contract will not support an action for damages. *Towle* v. *Larrabee*, 26 Maine, 464; *Hilton* v. *Houghton*, 35 Maine, 143; *Morton* v. *Gloster*, 46 Maine, 520; *Bank of Cumberland* v. *Mayberry*, 48 Maine, 198; *Pope* v. *Linn*, 50 Maine, 83; *Tillock* v. *Webb*, 56 Maine, 100; *Parker* v. *Latner*, 60 Maine, 528; *Plaisted* v. *Palmer*, 63 Maine, 576; *Meader* v. *White*, 66 Maine, 90; *Mace* v. *Putnam*, 71 Maine, 238; *First Natl. Bank of Bar Harbor* v. *Kingsley*, 84 Maine, 111.

This act of 1821 was found, in practice, to work a fraud, by allowing one party to a Sunday contract to retain his fruit of the transaction and to give the other party none, so the legislature, in 1880, (R. S., c. 82, § 116,) enacted that he who receives a valuable consideration for a contract made on Sunday shall not defend against it on that ground until he restores the consideration. That is, if he will repudiate the contract he must first restore his gains from it. A wholesome doctrine, that will not allow a desecration of the Lord's Day to become a cheat.

In the first case at bar, the defendant sold a diseased horse for sound, took the purchase money as the price of a sound horse and tries to keep it because he cheated on Sunday, or warranted the horse sound on Sunday, both of which he might do under the statute of 1821 and not be accountable therefor. The plaintiff tendered a return of the horse, which was refused. The tender operated to rescind the contract. It restored the parties to the same condition they were in before the sale, and the purchase money became the plaintiff's. The defendant cannot resist its return because of the old Sunday law. The same result would

have followed had the plaintiff sued upon the contract for a breach
of warranty.   The defendant could not then have defended until
he had returned the consideration that he had received for making
the warranty.   Such return would have precluded a recovery, for
the damages might have been more than the price paid, had not
the contract been void, for the plaintiff would have been entitled
to the benefit of his bargain, that is, the horse, if sound, might
have been worth more than the purchase price above what he was
worth in the condition sold, unsound.   A return of the horse, fol-
lowed by a suit for the price paid, amounts to substantially the
same thing as a suit for breach of the warranty.   In either case
the statute of 1880 bars the defense of Sunday contract until the
price paid shall have been returned.   *Wentworth* v. *Woodside*, 79
Maine, 156; *Berry* v. *Clary*, 77 Maine, 482; *Bank* v. *Kingsley*,
supra.

In the second case at bar, the plaintiff procured another to hire
for her, on Sunday, a horse and carriage for driving.   The car-
riage let was unsafe, whereby the plaintiff was injured.   She sues
for damages received from the defective carriage while driving on
Sunday.   The act of 1821, as before seen, would bar recovery,
*Wheelden* v. *Lyford*, 84 Maine, 114; but the legislature enacted
in 1895, c. 129, that the act of 1821, R. S., c. 124, § 20, shall not
bar "any action for a tort or injury suffered on Sunday."   The
plaintiff's injury was suffered on Sunday by defendants' tort, that
is, their negligence in letting an unsafe carriage.   It matters not
whether the plaintiff's action be assumpsit for breach of an
implied warranty to furnish a suitable carriage, or case for negli-
gence in not so doing.   In either case, the action would be for an
"injury suffered" on Sunday, and this the act of 1895 expressly
excepts from the operation of the statute of 1821.

*Exceptions sustained.*
*Both actions to stand for trial.*