MRS. R. L. BEAN *vs.* CAMDEN LUMBER AND FUEL COMPANY.

Knox.    Opinion October 16, 1924.

*The practice of pleading double by joining an appropriate common or money count with a special count on a promissory note is so well established and of such long standing, it cannot now be questioned.*

In the instant case the specifications are no part of the count. The count itself is in proper form and states a good cause of action.

On exceptions. An action of assumpsit, declaring on a promissory note in the usual form in one count, and for money lent in another, with specifications that the loan declared on in the second count is the same consideration for the note declared on. Defendant filed a general demurrer to the second count at the return term, which was overruled and exceptions taken. Exceptions overruled.

The case is stated in the opinion.

*Oscar H. Emery*, for plaintiff.

*J. H. Montgomery*, for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. An action of assumpsit. The plaintiff's declaration contains two counts, one in the usual form on a promissory note, the other a common count for money lent followed by a specification that the loan declared on in the second count is the same consideration for which the note described in the first count was given.

At the return term the defendant filed a general demurrer to the second count, which was overruled. The case comes up on defendant's exception to this ruling.

Defendant's counsel in substance contends in support of his exception that the plaintiff is confined by his specifications under his second count to proving that the note was given in payment of the loan, and therefore no recovery can be had upon any general promise to repay the loan, but only upon the special promise contained in the note.

Such a contention is specious on its face and clearly without merit. A note at best is only presumptive evidence of payment, which may be rebutted. *Bunker* v. *Barron*, 79 Maine, 66. The specifications simply give notice to the defendant that the second count is for the same cause of action as the first,—to recover a certain sum loaned to the defendant, of which a promissory note may be evidence. *Fairbanks* v. *Stanley*, 18 Maine, 296. The practice of joining an appropriate common or money count with a special count on a promissory note is so well established and of such long standing that it is difficult to conceive that counsel is serious in urging such objection. Chitty on Pl., Vol. 1, *350; Ency. Pl. & Pr., Vol. 14, Page 568; *Cushing* v. *Gore et al.*, 15 Mass., 69; *Ellis* v. *Wheeler*, 3 Pick., 18; *Tebbetts* v. *Pickering*, 5 Cush., 83; *Dean* v. *Mann*, 28 Conn., 352; *Villa* v. *Weston*, 33 Conn., 42; *Wilkins et als.* v. *Reed et als.*, 6 Maine, 220; *Atkins* v. *Brown*, 59 Maine, 90; *Blackstone Nat. Bank* v. *Lane, Trustee*, 80 Maine, 165; 8 Cyc., 146.

Plaintiff may amend, in case a special count on a promissory note fails for any reason, by adding an appropriate common or money count. *Burnham* v. *Spooner*, 10 N. H., 165; *Willis* v. *Crooker*, 1 Pick., 204. A promissory note may even be introduced in evidence in support of a money count though not specially declared on. *Fairbanks* v. *Stanley*, supra; *Payson* v. *Whitcomb*, 15 Pick., 212; *Webster* v. *Randall*, 19 Pick., 13, 16; 8 Cyc., 147.

As was said by this court in *Cape Elizabeth* v. *Lombard*, 70 Maine, 396, 400: "The very object of double counts is that one may succeed, if others fail in a correct description of the cause of action."

For instance, in the case at bar, if it should appear that the plaintiff was not able to show that the note declared on was duly executed by someone authorized to sign in behalf of the corporation, the appropriate common count would permit recovery of any sum justly due and thus end litigation. *Wilkins et als.* v. *Reed et als.*, supra.

For another reason the demurrer was properly overruled. The specifications, added no doubt in view of Rule XI. of this court, or to comply with Sec. 60, Chap. 86, R. S., are no part of the count. *Dexter Savings Bank* v. *Copeland*, 72 Maine, 220. The count itself is in proper form and states a good cause of action.

*Exceptions overruled.*