SALVATORE DI AUSILIO *vs.* SPIROS S. STAVROPULOS &
another.

Suffolk.    March 3, 1925. — April 15, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Lord's Day.    Practice, Civil,* Election.    *Estoppel.*

At the trial of an action upon an account annexed for labor and materials
furnished in the repair of a motor truck for the defendant, it appeared
that the labor was performed and the materials were furnished on a
week day; that on a Lord's day the defendant sought the truck, and,
delivery being refused until payment for the labor and materials, he
paid by a check of a third party dated the next day, which the plaintiff
accepted, and that the plaintiff then delivered the truck; that there-
after the third person, at the defendant's request, stopped payment
on the check; and that the plaintiff retained possession of the check.
*Held,* that

(1) The defendant, having procured the stoppage of payment on the
check, repudiated it as payment, and the fact that it was delivered on a
Lord's day became immaterial, irrelevant, and constituted no defence
to the action;

(2) Payment on the check having been stopped, the plaintiff was not
required to return it to the defendant before prosecuting the action
upon the account annexed;

(3) A finding for the plaintiff was warranted.

CONTRACT upon an account annexed for $78.92 for labor
and material furnished in repair of an automobile.    Writ
in the Municipal Court of the City of Boston dated Novem-
ber 3, 1923.

Pleadings and material evidence at the trial in the Munici-
pal Court are described in the opinion.    At the close of the
evidence, the defendant asked for the following rulings:

"1. If the court finds that the plaintiff accepted a check
for work and materials furnished to the defendant, in settle-
ment of the account, then the plaintiff's remedy was to sue
on the check, but having sued on account annexed he cannot
recover in this action.

"2. Acceptance of the check by the plaintiff from the
defendant operated as a matter of law as payment of the

account between the parties, and the court must find for the defendant.

"3. It is immaterial whether the drawer of the check stopped payment thereon, the plaintiff cannot keep the check and elect to sue on account annexed, and recover against the defendant in this action.

"4. If the court finds, and it is uncontradicted in evidence, that the delivery to and acceptance of the check by the plaintiff was done on Sunday, the plaintiff cannot recover from the defendant in any form of action. Plaintiff's act was contrary to public policy and where the plaintiff is the offending party, the law will not aid him, and the court's duty is to find for the defendant.

"5. Upon all the evidence the court as a matter of law should find for the defendant."

The rulings were refused. There was a finding for the plaintiff in the amount claimed in the declaration, and interest. At the request of the defendant, the judge reported the action to the Appellate Division, who ordered the report dismissed. The defendants appealed.

The case was submitted on a brief by the defendants.

*P. J. Sondheim,* for the defendants.

No argument nor brief for the plaintiff.

CROSBY, J. This is an action of contract to recover on an account annexed. The report recites that evidence was offered tending to show that on or about October 25, 1923, an agent of the defendant left the defendant's truck at the plaintiff's garage to be repaired; that the plaintiff made the repairs and furnished the necessary parts therefor; that on Sunday, October 28, 1923, an employee of the defendant went to the plaintiff's place of business to get the truck; that the plaintiff refused to deliver it unless the amount due for work and materials was then paid; that the defendant's agent went away and soon afterwards, on the same day, returned and tendered to the plaintiff's foreman a check for the amount due, dated October 29, 1923, drawn by a third person; that upon receipt of this check in payment of the plaintiff's bill, the truck was delivered to the defendant; and that early the next day at the request of the defendant, the drawer of the

check stopped payment because the defendant stated to him that he was dissatisfied with the work done on the truck by the plaintiff. The plaintiff at the time of the trial was in possession of the check. The defendant pleaded a general denial, payment, and violation of the Lord's Day statute, G. L. c. 136. The presiding judge found for the plaintiff upon an account annexed, for labor performed and materials furnished in repairing the truck.

The defendant filed five requests for rulings, all to the effect that the plaintiff could not recover. They were rightly denied. The work was performed and the materials were furnished on a week day. The check was delivered on Sunday, and although accepted in payment when delivered, the record shows that the defendant caused payment of it to be stopped; he thereby repudiated the payment, and the fact that it was delivered on Sunday became immaterial.

This action is not brought to recover on the check and the contention that it was given on Sunday is irrelevant. The judge might well have found that the act of the defendant in causing the maker to stop payment was a trick to cheat and defraud the plaintiff. Payment having been stopped, the plaintiff was not required to return the check. He might treat it as a nullity and maintain the present action. The decision in *Gordon* v. *Levine*, 197 Mass. 263, cited by the defendant, is not pertinent to the facts in the case at bar.

*Order dismissing report affirmed.*