PERCIVAL P. BAXTER

*vs.*

GEORGE E. MACGOWAN, JR., ADMINISTRATOR.

FRATERNITY COMPANY

*vs.*

GEORGE E. MACGOWAN, JR., ADMINISTRATOR.

Cumberland.     Opinion, June 24, 1933.

*Charles J. Nichols*, for plaintiffs.
*Ralph O. Brewster*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. These cases, although distinct and several in their facts, involve the same principles of law and may properly be considered in a single opinion.

*Baxter* v. *Macgowan, Jr., Administrator.*

The plaintiff, in this suit to recover an alleged indebtedness due him from the defendant's intestate, states his cause of action in two counts, the first in the form of an account annexed, and the second for money had and received and also for money found to be due on an account stated. The defendant's demurrer, directed specially to each count, was overruled. Exceptions were reserved.

The first fifty-one items in the account annexed, varying only in the month, year and amount, are in this form:

"To money had and received in July      1926      $91.50."
The aggregate of these items is $7,690.60, but credit allowances leave a balance of $548.91.

The final item of the account is as follows:
"To money had and received for rental collected from
  tenant Woodhill & Hatch at Building at 84 and 86
  Union Street, Portland, Maine, for use and occupa-
  pation of the building between the dates of July 1,
  1930 and September 22, 1930,                          $30.00."
The total amount claimed by the plaintiff is $578.91.

The plaintiff alleges that the defendant's intestate on September 21, 1930, being indebted to the plaintiff in the sum of $578.91 according to the account annexed, then and there promised to pay the same on demand. It is also set forth that on September 22, 1930, the intestate died. The account annexed bears the date of January 29, 1932, but the items which make it up are undated. The defendant specially assigns this uncertainty in the declaration as a cause of demurrer. The inconsistency of the pleading is apparent. If the date of the account annexed attaches by reference to its items, they, each and all, accrued after the death of the intestate and his alleged promise to pay them. This defect is fatal on special demurrer. *Chitty on Pleading*, 16th Am. Ed., 353. If the date given may be rejected as impossible and the account and all its items deemed undated, uncertainty in another form appears. Although time is not an essential element in an action on an account

annexed and need not be proved as alleged, the day, month, and year when each item of the account accrued should appear. This defect, being as to form only, is reached by a special demurrer. *Hare* v. *Dean*, 90 Me., 308, 312, 38 A., 227; *Wellington* v. *Small*, 89 Me., 154, 36 A., 107.

The office of a declaration is to make known to the opposite party and the Court the claim set up by the plaintiff and the adequacy of the account annexed, which is a part of the declaration, comes within the same general rule and must be tried by the same test. *Peabody* v. *Connolly*, 111 Me., 174, 176, 88 A., 411. "An account is a detailed statement of items of debt and credit or of debt growing out of contracts." *Turgeon* v. *Cote*, 88 Me., 108, 33 A., 787. The last item of the plaintiff's account annexed, except as to time, is stated in sufficient detail to inform the defendant of the claim made against his intestate and to permit him to prepare his defense, but all the preceding items lack certainty. We are not of opinion that a mere statement of sundry amounts of money had and received in given months and years, without further particulars, sufficiently informs the opposite party of the claim set up by the plaintiff. The defendant's special demurrer to the items of the first count reaches this defect and should have been sustained. Overruling the demurrer permitted a recovery on items which were not well pleaded. The error was not harmless. 6 *Encyc. Pl. & Pr.*, 368. The sufficiency of this form of pleading was not considered in *Levee* v. *Mardin*, 126 Me., 133, 136 A., 696.

The form of the declaration in the second count for money had and received is in substantial accordance with long-established precedent. The defendant's complaint that the attached specifications are insufficient can not be raised by demurrer. Specifications are no part of the common counts. *Bank* v. *Copeland*, 72 Me., 220, 222; *Bean* v. *Fuel Co.*, 124 Me., 102, 104, 126 A., 285. If the defendant desires further specifications, he must proceed by motion under Rule XI of the Supreme Judicial and Superior Courts.

The plaintiff alleges under his count for money had and received that he filed his "claim here declared on" in the Registry of Probate in compliance with Revised Statutes, Chap. 101, Sec. 14. Viewed from the standpoint of pleading, with which we are here concerned, this allegation must be construed to mean that a statement of a

cause of action was filed which, if proved, would sustain the count. *Bank* v. *Copeland*, supra. On its face, the declaration in this respect is sufficient.

The defendant can not, on this demurrer, avail himself of the fact that the time alleged in the second count of the declaration is September 21, 1930, and the Lord's Day. The demurrer, admitting the facts set forth, nowhere shows that the consideration received by the defendant's intestate has been restored. Failing in this, the defendant is barred from defending an action on the promise. R. S., Chap. 96, Sec. 139; *Bank* v. *Kingsley*, 84 Me., 111, 24 A., 794; *Wheelden* v. *Lyford*, 84 Me., 114, 24 A., 793.

One only of the other causes of demurrer to the count for money had and received needs consideration. In stating his cause of action, the plaintiff referred to the intestate as "the defendant," whereas the action is brought against his administrator. It is clear, however, that the intestate is intended to be referred to and the misdescription is purely a clerical error. "The intendment of the declaration as a whole is clearly discernible from the language used and that is all that the rules of pleading require. To give effect to a clerical error, despite the proof that it is an error and against the true intent and meaning of the declaration as a whole, would not only be repugnant to common sense but a refinement even of the theories of the old writers upon pleading." *Penley* v. *Record*, 66 Me., 414, 417.

The causes of demurrer directed to the declaration of account stated involve no principles of law not already considered under the count for money had and received. The specifications are the same and, by the same rule, not open to demurrer. *Bank* v. *Copeland*, supra; *Bean* v. *Fuel Co.*, supra. The count itself is well pleaded.

*Fraternity Company* v. *Macgowan, Jr., Administrator.*

In this action also to recover an indebtedness alleged to be due from the defendant's intestate but to this plaintiff corporation, the defendant's special demurrer was overruled and exceptions reserved. The declaration here is in all respects similar to that used in the case just considered and the same causes of demurrer are assigned. The first items of the account annexed, seventy-three in number, are all also of inconsistent date, or entirely without date,

and stated merely as "To money had and received" in a certain month and year and for a given amount. The remaining items of the account, otherwise well pleaded, show the same uncertainty as to time. The insufficiency of this form of pleading has been pointed out. The demurrer should have been sustained.

The second count also. for both money had and received and an account stated with specifications attached is, on its face, well pleaded. It is, in practical effect, a duplicate of the corresponding count in the declaration in the accompanying action and the causes of demurrer there assigned appear here. The rules of law already stated are again applicable and sustain the ruling below on the demurrer to this count.

In each case, the entry made is

> *Exceptions to overruling special demurrer to the first count of the declaration sustained.*