L. NORTON PAYSON
*vs.*
HERMAN COHEN

Cumberland.   Opinion, August 9, 1962.

*Louis Bernstein,*
*Leonard M. Nelson,* for the plaintiff.

*Charles W. Smith,* for the defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SIDDALL, SULLIVAN, JJ.   DUBORD, J., did not sit.

WILLIAMSON, C. J.   On appeal.   In this jury-waived action the plaintiff-payee recovered against the defendant-

maker the principal amount with interest of the following promissory note:

"$5500.00                            May 1, 1955
On Demand I promise to pay to the order of L. Norton Payson Fifty Five Hundred and no/100 Dollars at 4 ½ percent Interest per Annum
Value received
No._____ Due On Demand

                s/   Herman Cohen
              Herman Cohen  Kennebunk, Maine"

The court found that the note was executed and delivered on Sunday, May 1, 1955, and that the consideration therefor consisted of antecedent debts evidenced by four checks totalling $5000 and a contemplated advance of $500.

The defendant contended that he signed the note, in blank, on July 25, 1955, at the request of the plaintiff for use in negotiating a loan for a corporation in which the parties were interested and that there was no personal obligation on his part to the plaintiff. He also sought to establish that his only indebtedness to the plaintiff consisted of a note for $3500, and that any other advances from the plaintiff were for corporate purposes for which the plaintiff was reimbursed by the issuance of stock.

In this run-of-the-mill situation of conflicting evidence the defendant properly does not attempt to overturn the decision on the ground that the findings were "clearly erroneous." Maine Rules Civil Procedure, Rule 52 (a); *Harriman* v. *Spaulding*, 156 Me. 440, 165 A. (2nd) 47; *Landau Stores, Inc.* v. *Daigle, et al.*, 157 Me. 253, 170 A. (2nd) 673; Field & McKusick, Maine Civil Practice, § 52.7.

The first three points of appeal deal with the issues raised by a Sunday note. The following statutes are pertinent:

"**Defendant must restore consideration; actions for injury received on Lord's Day.** — No person

who receives a valuable consideration for a contract, express or implied, made on the Lord's Day shall defend any action upon such contract on the ground that it was so made until he restores such consideration; nor shall the provisions of chapter 134 relating to the observance of the Lord's Day affect in any way the rights or remedy of either party in any action for a tort or injury suffered on that day." R. S., c. 113, § 154.

"**Consideration, what constitutes.** — Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time." R. S., c. 188, § 25. (Uniform Negotiable Instruments Law.)

See *Jordan* v. *Goodside*, 123 Me. 330, 122 A. 859; *First Nat'l Bank* v. *Morong, et al.*, 146 Me. 430, 82 A. (2nd) 98.

The note is not void, as urged by the defendant in his first point, on the ground that it was executed and delivered on Sunday. The consideration for the note consisted of the antecedent debts of $5000 and the contemplated advance of $500. Such a debt is "value" although the note is received on implied terms of conditional satisfaction. *Ahern* v. *Towle*, 310 Mass. 695, 39 N. E. (2nd) 561.

The antecedent debts cannot be restored by the simple expedient of the maker asserting the illegality of the note. There was no stoppage of payment on the note as in *Di-Ausilio* v. *Stavroplus, et al.*, 252 Mass. 69, 147 N. E. 346, cited by defendant. There the Massachusetts Court held that the plaintiff could properly sue on the contract when the defendant had caused payment to be stopped on a check given to settle charges for automobile repairs made on a weekday. The case is not analogous with the situation before us.

The contemplated advance of $500 was in fact made by check on May 10, 1955. There is no suggestion that the defendant has returned this portion of the consideration.

The governing rule was plainly stated in *Wheelden* v. *Lyford,* 84 Me. 114, 116, 24 A. 793, under a statute unchanged to this date, except for actions for torts and injuries.

> "The defendant cannot now defend this action of assumpsit on the ground of the contract having been made on Sunday until he restore that consideration. That he cannot restore it — that in the nature of things it is not restorable, does not relieve him. He need not have made the contract. Having made the contract and received the consideration he must either restore the consideration or abide the contract. If he cannot do the former he must do the latter. The statute is explicit and imperative."

See also *Bank* v. *Kingsley,* 84 Me. 111, 24 A. 794; *Wentworth* v. *Woodside,* 79 Me. 156, 8 A. 763; *Berry* v. *Clary,* 77 Me. 482, 1 A. 360; *Bridges* v. *Bridges,* 93 Me. 557, 45 A. 827.

If the Sunday note issue had been properly raised by the defendant and had been considered by the court, the result would not have been changed. The consideration was not returned and hence the defense would have failed.

In his second and third points the defendant contends the court erred in failing to consider the issue of the Sunday note and in finding that neither the pleadings nor the pretrial order raised the issue. In his answer the defendant stated, as an alternative ground of defense, "that even if he had executed the note in manner and form as the plaintiff has declared, that there was no consideration paid by the plaintiff to the defendant therefor and the note being dated on a Sunday is therefor void."

The pre-trial order does not specifically mention a Sunday note issue. The court, in his findings, says, "In the trial of the cause, comment was made upon the note being dated on a Sunday and the significance of that fact was urged in discussing the case. It must be pointed out that neither the pleading raises nor the pre-trial order determines that this fact is being raised as a defense."

On request for special findings, the court later found:

> "That counsel for defendant in his opening statement urged as one element of his defense that the reference note was executed and delivered on Sunday without consideration then and there paid and that for that reason
>
> > x) it was void and no recovery could be had by plaintiff and
> >
> > y) that defendant had no consideration to restore as a condition precedent to raising the illegality of the note in defense.

and "That plaintiff's counsel interposed no objection to Defendant's statement in opening or to the admission of evidence bearing thereon, except as appears in the record of the case."

The court indicated clearly that the Sunday note issue was not raised properly as a defense. The defense of illegality is an affirmative defense. Maine Rules Civil Procedure, Rule 8 (c); Field & McKusick, *supra*, § 8.16. A vital condition of the Sunday contract defense is that the consideration be restored. R. S., c. 113, § 154, *supra*. The defendant failed to allege the restoration of consideration, therefore the defense was not open. Cf. under the old practice *Baxter-Fraternity Co.* v. *MacGowan, Jr.*, 132 Me. 83, 87, 167 A. 77 (demurrer). See also 50 Am. Jur., *Sundays & Holidays*, § 51; C. J. S., *Sunday*, § 36.

> "Generally a failure to plead an affirmative defense results in the waiver of that defense and it

is excluded as an issue in the case. However, if evidence relating to an affirmative defense is introduced without objection and the opposite party is not surprised and has ample opportunity to meet the issue, the defense may be permitted even though it has not been pleaded. In proper cases, amendments of the pleadings to set out affirmative defenses are allowed." 1A Barron and Holtzoff, Federal Practice and Procedure, § 279, pp. 166-169.

If the pleadings be deemed sufficient to have raised the issue in light of the conduct of the trial, the Sunday issue was disposed of when the court found consideration for the note. See *Boulet* v. *Beals*, 158 Me. 53, 177 A. (2nd) 665. The defendant does not assert that the consideration was *restored,* but that there was *no consideration* whatsoever. The finding of fact adverse to the defendant on this issue ended the possibility of a defense based on a Sunday contract.

In his fourth point of appeal the defendant objects to the admission of certain evidence "contrary to and not raised by the pre-trial order." The complaint is simply this: The defendant offered and there were admitted five checks totalling $5500 as evidence of consideration for the note. The pre-trial order reads in part:

"The Plaintiff may testify and may present the custodian of the bank records if it is necessary to present a copy of a check which the Plaintiff contends is the consideration for the note."

The defendant on cross-examination admitted that he had received and cashed the checks. As we have noted, he denied that they represented an indebtedness due from him to the plaintiff. When the checks were offered in evidence counsel for the defendant said, "But I would like to point out to the Court that at the Pre-trial Conference there was supposed to be one check, and I think that is in the Pre-

trial Order, they were going to produce. I have no objection to having these Exhibits offered. They have been testified to, but there is that information in the Pre-trial Order."

The defendant is too late with his objection. A party may not permit evidence to be introduced without objection and later complain of a variance from the pre-trial order. Further, the introduction of the five checks in face of the pre-trial order was within the control and discretion of the court. There is no semblance of abuse in the record. See *Globe Cereal Mills* v. *Scrivener*, 240 F. (2nd) 330 (10th Cir.) ; *Hoeppner Construction Co.* v. *U. S.*, 287 F. (2nd) 108 (10th Cir.).

The defendant did not argue and therefore waived his final point of error in allowance of interest on the note.

The entry will be

*Appeal denied.*